No. 32,382

Evelyn Lee, *Appellee,* v. The Lone Star Cement Company and Lone Star Cement Corporation, *Appellants.*

(46 P. 2d 864)

Opinion filed July 6, 1935.

*Baxter D. McClain,* of Kansas City, Mo., for the appellants.

*George E. Gard* and *Blake A. Williamson,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment awarding compensation to the widow of a workman who had been an employee of defendant.

On the evidence adduced before the compensation commission an award of compensation was denied, but on the statutory review the trial court arrived at a different conclusion. Its most pertinent findings read:

"1. That the relationship of employer and employee existed between the Lone Star Cement Company and John Anthony Lee on or about the 18th day of June, 1931.

. . . . . . . . . . . . . . .

"3. That on the 18th day of June, 1931, John Anthony Lee met with a personal injury by accident arising out of and in the course of his employment, and from the effects of said injury and as a result thereof, John Anthony Lee died on the 22d day of January, 1932.

"4. That claimant, Evelyn Lee, is the sole and only dependent of John Anthony Lee."

On these findings judgment was entered as follows:

"The court . . . finds that the award of the commissioner of workmen's compensation heretofore rendered in the above matter on the 15th day of December, 1932, be and the same is hereby set aside and held for naught.

"The court . . . finds generally in favor of the claimant and against the respondents on all issues of law and fact.

"It is therefore by the court ordered and adjudged that the claimant be awarded compensation from respondents in the sum of $3,182.01."

Various errors are specified on this judgment, and an abstract of eighty-five pages is submitted for our perusal, and while we have diligently read it we are still somewhat at sea as to its purpose in this appeal. Appellants' brief precludes us from saying that our jurisdiction in compensation cases is very narrow, for the brief begins with that proposition, citing familiar recent cases. (*Fair v. Golden Rule Refining Co.*, 134 Kan. 623, 7 P. 2d 70; *Goodwin v. Sinclair Pipe Line Co.*, 136 Kan. 8, 12 P. 2d 842; *Kearns v. Reed*, 136 Kan. 36, 12 P. 2d 820.)

Appellants' main contention is that the record does not contain evidence on which the trial court's judgment can rest. On that point, the evidence, chiefly expert and professional, which was that the workman died of a disease or diseases in no way related to his employment—although there was much of such evidence—is of no avail in this appeal since the trial court gave it no credence.

In *American Nat'l Bank v. Lipe*, 123 Kan. 674, 679, 256 Pac. 967, it was said:

"Of what avail is it to seek to persuade this court that this controverted issue of fact might very well have been decided the other way by the tribunal authorized to determine it?"

In support of the trial court's findings and judgment we read:

Allen, witness, testified:

"Yes, he [the deceased] got hurt in moving the drill, 1931.

"Yes, they [foreman and fellow workmen] knew it, the foreman sent him to the doctor's office.

"Q. Did you ever see a swelling at or about the right side of the neck of John Anthony Lee at any time while he was working at the Lone Star Cement Company? A. After he got hurt I did see the swelling.

"Q. Did John Anthony Lee work regularly for the company after June of 1931? A. After he got hurt he didn't.

"Q. Do you know whether he complained the reason for his not working regularly? . . . A. Yes, he hurt himself moving the drill and put his hand to his right side chest.

"Q. . . . State to whom he made such complaints. A. He complained to me and the foreman."

Touching the nature of the work in which the deceased was engaged, a witness testified:

"Lee's main job was drilling with a tripod (three-leg drill operated by compressed air, and which was used in drilling holes in the quarry ledge which, when loaded with dynamite, blew the ledge of rock down into the quarry). . . .

"The tripod drill is operated by a driller and his helper, and while too heavy to carry any distance without being 'taken down' two men can move same around by each taking a leg and using the third leg as a pivot."

A hypothetical question was propounded to a professional witness, Dr. Fred E. Angle, called to testify in claimant's behalf. This question, which fairly summarized the evidence adduced in claimant's behalf, reads:

"Q. If as a matter of fact John Anthony Lee was stricken with a pain sometime about the middle of June, 1931, and the evening of that day or thereabouts a doctor was called to his home, who found a swelling in the right side of his neck, and found complaint of pain in the right side of his chest, and he continued to stay at home for several days and then returned to work, and was under the care of Doctor Lee for a period of time until he was taken to Bethany Hospital, and if thereafter and during all those times he complained of the same pain and of the same conditions, and if on or about January 1, 1932, he was taken to the U. S. Veterans Hospital and died January 22, from the things we have enumerated, and if the evidence would further show John Anthony was in charge of the use of a drill which has for its purpose the drilling of holes in rock and which vibrates the body when used on certain types of rock, and which cannot be lifted by one man, state if in your judgment the use of that drill would cause or contribute to the death of John Anthony Lee. . . . A. My opinion is that it was contributory to his death."

In view of these excerpts from the testimony this court cannot say that the record contained insufficient evidence to support the trial court's judgment. It is no longer an open question that although a workman is afflicted with a disease which eventually culminates in his death, neither he nor his dependents are thereby barred from the right to compensation if he actually suffered an accident in the course of his employment and which arose out of it and if such accident intensified or aggravated his affliction or contributed to his death. (*Gilliland v. Cement Co.,* 104 Kan. 771, 180 Pac. 793; *Shapland v. Ferguson Furniture Co.,* 139 Kan. 768, 33 P. 2d 145; 1 Schneider on Workmen's Compensation, 2d ed., 517; 1 Honnold on Workmen's Compensation, 302-307.)

The record shows no error redressible by appeal, and the judgment is therefore affirmed.